# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**PATRICK GORDON-SOMERS,**

   **Plaintiff,**

**vs.**                                                Case No.: 8:18-cv-01077

**WENTZEL'S HEATING & AIR CONDITIONING, INC., a Florida Profit Corporation,**

   **Defendant.**

_____/

## MOTION TO DISMISS COMPLAINT

**NOW COMES** Defendant, WENTZEL'S HEARING & AIR CONDITIONING, INC. (the "Defendant"), by and through its undersigned counsel, pursuant to pursuant to Federal Rule of Civil Procedure 12(b)(6), and hereby files its Motion to Dismiss the Complaint filed by Plaintiff, PATRICK GORDON-SOMERS (the "Plaintiff"), and states as follows:

## FACTUAL BACKGROUND

1. On or about March 14, 2018, Defendant received a demand letter (the "Demand Letter") via Howard Employee Services, Inc.("HESI"), the Defendant's payroll company, on behalf of Plaintiff.

2. In the Demand Letter, Plaintiff alleges he was employed by the Defendant through HESI and that Defendant failed to properly compensate him for overtime in excess of forty (40) hours per week during his employment tenure.

3. In response to the Demand Letter, Plaintiff was provided with copies of his payroll records.

4. On May 2, 2018, Plaintiff filed his Complaint and Demand for Jury Trial [DE 1].

5. Plaintiff alleges he was employed by Defendant as a **piece rate** paid insulation installer from on or about July 2016 to November 2017 [DE 1 ¶6].

6. Plaintiff alleges he was entitled to be paid time and one-half of his regular rate of pay for each hour in excess of forty (40) hours per work week [DE 1 ¶24].

7. Plaintiff further alleges that as a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per work week for one or more work weeks, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs [DE 1 ¶28].

8. In order for Plaintiff to state a claim for relief, he must articulate both a specific legal basis for his claim and a sufficient factual matter in order to state a claim for relief. Plaintiff has failed to state either a proper legal basis or a factual basis to be entitled to proceed. Plaintiff's failure to state a claim upon which relief can be granted requires dismissal pursuant to Rule 12(b)(6).

## MOTION TO DISMISS STANDARD

The standard for review of a motion to dismiss is discussed by this District in the case of *Rosy Blue, NV v. Davis*, F. Supp. 2d, 2007 WL 1247154 (M.D. Fla. April 30, 2007):

> In ruling on a motion to dismiss, this Court must view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S. Ct. 1843, 23 L. Ed.2d 404 (1969). Plaintiff must plead "enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines. Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the rule to be applied is that, "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (*citing* Fed. R. Civ. P. 8(a)).

## MEMORANDUM OF LAW

Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." First, the entirety of Plaintiff's legal allegation against the Defendant consists of an omnibus claim that Defendant violated "(a) case law, (b) the FLSA, 29 U.S.C. § 201 *et seq*, (c) Department of Labor Wage & Hour Opinion Letters **or** (d) the Code of Federal Regulations." (emphasis added). Plaintiff fails to cite to any specific law upon which he hopes to travel. Such imprecision is insufficient to put Defendant on notice against which law it must defend. Complaints are not Chinese menus where plaintiffs may later choose under which column to proceed to their benefit against an unwitting defendant.

Plaintiff's Complaint is also factually deficient. While a court, at this stage of the litigation, must consider the allegations contained in the plaintiff's complaint as true, such rule "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

The *Twombly/Iqbal* standard has been specifically applied in overtime compensation claim cases:

> "[T]o survive a motion to dismiss, [a plaintiff] must allege sufficient factual matter to state a plausible claim that [he] worked compensable overtime in a workweek longer than 40 hours." *See Lundy v. Catholic Health System of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013); *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241–42 (3d Cir. 2014) (same); *Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017) (same); *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 644–45 (9th Cir. 2014) (same); *Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012) (same).

*McDaniel v. Trend Aviation LLC*, 2017 WL 1476311, at *2 (M.D. Fla. 2017).

In the instant Complaint, Plaintiff's entire factual allegation consists of a claim that "Plaintiff worked overtime hours but was not paid for same during one or more workweeks." Such bare-bones allegations are insufficient. Pursuant to the law applicable to overtime compensation claims 29 U.S.C. § 207 of the FLSA (to which Plaintiff failed to refer), a plaintiff must approximate the alleged number of hours worked for which the plaintiff did not receive pay and the time period for which plaintiff is claiming pay for overtime. *See Rance v. Rocksolid Granit USA, Inc.*, 292 Fed. Appx. 1, 2 (11th Cir. 2008) (holding that to establish a *prima facie* case of an FLSA violation, the plaintiff must show the amount and extent of his work in order to demonstrate that he was inadequately compensated), *see also Siam v. Tampa Bay Downs*, 2009 WL 997238, at * 3 (M.D. Fla. Apr. 14, 2009), (holding that the plaintiff's minimum wage and overtime FLSA claims failed because the plaintiff did not allege a recognizable time period), *Gigena v. Tapas & Tintos, Inc.*, 2010 WL 11451387, at *3 (S.D.Fla., 2010).

Nowhere in Plaintiff's Complaint does Plaintiff allege such facts. The unadorned, defendant-harmed-me accusation supported by mere conclusory statements does not suffice. *Ashcroft*, 129 U.S. at 1949. (citing *Twombly*, 550 U.S. at 555). Plaintiff fails to allege any facts with sufficient specificity to state a claim under any of the myriad possible claims Plaintiff might

attempt to raise under his moving-target legal theory. Threadbare allegations and omnibus legal causes of action to reach legal conclusions are simply not sufficient for relief.[1]

Finally, pursuant to the instant cause of action, Plaintiff's demand for prejudgment interest does not apply to this case, as it is not contractual in nature and such demand must be struck. *See Alvarado v. Rice*, 614 So.2d 498 (Fla. 1993); *Amerace Corp. v. Stallings*, 823 So.2d 110 (Fla. 2002) (historically, prejudgment interest has been deemed improper as a result of the speculative nature of damages).

**WHEREFORE** Defendant, WENTZEL'S HEARING & AIR CONDITIONING, INC, requests this Honorable Court enter an Order dismissing the Complaint filed by Plaintiff, PATRICK GORDON-SOMERS, with prejudice, and award any and all other relief deemed just and proper.

*/s/ Noel P. McDonell*
Noel P. McDonell, Esquire
Fla. Bar No.: 0899232
Bryen N. Hill, Esquire
Fla. Bar No.: 0095993
MACFARLANE FERGUSON & MCMULLEN
Post Office Box 1531, Tampa, Florida 33601
Telephone: (813) 273-4200
Facsimile: (813) 273-4396
Primary Email:     npm@macfar.com
Secondary Email:   bnh@macfar.com
                   vac@macfar.com
                   tsa@macfar.com
Attorneys for Defendant

---

[1] The only specific statutory reference Plaintiff does make throughout his pleading is for his attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed via the Court's CM/ECF system on this 6th day of June, 2018, which will send electronic notice to the following:

Kimberly De Arcangelis, Esquire
Morgan & Morgan, PA
20 N Orange Ave Ste 1600
Orlando, FL 32801-4624
kwoods@forthepeople.com

                                            */s/ Noel P. McDonell*
                                            **Attorney**