UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICK GORDON-SOMERS,

    Plaintiff,

v.                                                          CASE NO. 8:18-cv-1077-T-23TGW

WENTZEL'S HEATING &
AIR CONDITIONING, INC.,

    Defendant.
_____/

**<u>ORDER</u>**

From July 2016 until November 2017, Wentzel's Heating and Air Conditioning employed Patrick Gordon-Somers as a technician. In some weeks, Gordon-Somers allegedly worked more than forty hours, but Wentzel's allegedly failed to pay time-and-a-half for the overtime hours. (Doc. 1 at ¶¶ 16–17) Also, Gordon-Somers alleges that Wentzel's "did not act in good faith reliance" on "case law," the FLSA, the Department of Labor's Wage & Hour Opinion Letters, or the Code of Federal Regulations. (Doc. 1 at ¶ 19) Under Section 260 of the FLSA, a good faith and reasonable but erroneous belief that the employer owes no overtime might preclude an employee's recovering liquidated damages. *Joiner v. City of Macon*, 814 F.2d 1537 (11th Cir. 1987). Wentzel's moves (Doc. 6) to dismiss the complaint.

## DISCUSSION

First, Wentzel's cites the paragraph about "good faith reliance" and argues that "the entirety of Plaintiff's legal allegation against the defendant consists of an omnibus claim that Defendant violated the "case law," the FLSA, the Labor Department opinions, or the Code of Federal Regulations. (Doc. 6 at 3) Wentzel's asserts that "[s]uch imprecision is insufficient to put Defendant on notice against which law it must defend." (Doc. 6 at 3) In fact, Gordon-Somers mentions several times in the complaint that he sues under the FLSA's overtime provision. (Doc. 1 at 1 and 4) Gordon-Somers mentions the other authorities only to allege that none of the authorities justifies Wentzel's alleged failure to pay overtime.

Second, Wentzel's tacitly attempts to invoke Rule 9(b), Federal Rules of Civil Procedure, and argues that the complaint impermissibly omits to allege the "number of hours worked" and the amount of overtime owed. *Cf. United States ex rel. Clausen v. Lab Corp. of Am., Inc.*, 290 F.3d 1301 (11th Cir. 2002) (holding that Rule 9(b) requires the relator in a False Claims Act to allege the day of submission of, and the amount of, a fraudulent claim). But Rule 8(a), which requires only a "short and plain" statement showing the plaintiff's right to relief, governs an FLSA claim. Gordon-Somers states an FLSA claim based on the allegations that Gordon-Somers worked more than forty hours weekly and that Wentzel's failed to pay him time-and-a-half.

Third, Wentzel's requests (Doc. 6 at 5) striking the demand for pre-judgment interest. Because a plaintiff cannot recover pre-judgment interest under the FLSA, the demand for pre-judgment interest warrants striking. *See Foremost Dairies, Inc. v. Ivey*, 204 F.2d 186, 190 (5th Cir. 1953) (holding that pre-judgment interest "is not recoverable" under the FLSA).

## CONCLUSION

The motion (Doc. 6) to dismiss is **GRANTED-IN-PART** and **DENIED-IN-PART**. Gordon-Somers states a claim for unpaid overtime, but the request for pre-judgment interest under the FLSA is **STRICKEN**.

ORDERED in Tampa, Florida, on June 22, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE